ALD-068
<u>UNITED STATES COURT OF APPEALS FOR THE THIRD CIRCUIT</u>

C.A. No. <u>24-2648</u>

LAQUAM MALIK SMITH,
               Appellant

   v.

THE DISTRICT ATTORNEY'S OFFICE OF PHILADELPHIA COUNTY; ET AL.

   (E.D. Pa. Civ. No. 2:21-cv-02636)

Present:   BIBAS, PORTER, and MONTGOMERY-REEVES, <u>Circuit Judges</u>

Submitted is Appellant's notice of appeal, which may be construed as a request for a certificate of appealability under 28 U.S.C. § 2253(c)(1), in the above-captioned case.

Respectfully,

Clerk

_____ORDER_____

Laquam Smith's request for a certificate of appealability ("COA") is denied. Jurists of reason would not dispute the conclusion that his claims lack merit, for substantially the same reasons given by the District Court. *See Miller-El v. Cockrell*, 537 U.S. 322, 327 (2003). Specifically, jurists of reason would not debate that the photo array used by a witness to identify Smith was not unnecessarily suggestive and thus did not violate his due process rights. *See United States v. Burnett*, 773 F.3d 122, 133 (3d Cir. 2014). Jurists of reason would also agree, without dispute, that the prosecutor's comment during closing arguments regarding the resemblance between Smith and an individual in video footage shown to the jury did not "so infect[] the trial with unfairness as to make the resulting conviction a denial of due process." *See Moore v. Morton*, 255 F.3d 95, 105–07 (3d Cir. 2001). Finally, Smith argued that trial counsel was ineffective for failing to move for a mistrial when the prosecution revealed new information mid-trial about fingerprint evidence that would have been detrimental to Smith. Jurists of reason would not debate whether trial counsel acted deficiently in making the strategic decision to proceed with a

trial without this evidence rather than seeking a mistrial. *See Strickland v. Washington*, 466 U.S. 668, 687 (1984).

By the Court,

s/Stephanos Bibas
Circuit Judge

Dated: January 31, 2025
Amr/cc: All counsel of record

**A True Copy:**

Patricia S. Dodszuweit, Clerk
Certified Order Issued in Lieu of Mandate